WERBELOVSKY, Appellant, v. RAPS, Respondent. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Jacob H. Werbelovsky against Hirsch Raps. No opinion. Judgment of the municipal court affirmed by default, with costs.

WESER, Appellant, v. THRONE et al., Respondents. (Supreme Court, Appellate Term, June, 1901.) Action by Calvin S. Weser against Sylvia Throne, impleaded with Arthur J. Handlein and another. S. Sturtz, for appellant. Black, Olcott, Gruber & Bonynge, for respondents.

PER CURIAM. The positive testimony of the plaintiff's witness Stover of having left the contract of rental and the account for the first month's rental with a clerk of the hotel is sufficient to establish the giving of the notice necessary to charge the defendants with knowledge that the piano was the property of the plaintiff and was not owned by the guest. This is clearly shown, notwithstanding the purely negative and somewhat contradictory testimony of hotel employés. Under the notice given, the defendants could not acquire any lien. Judgment reversed, and new trial ordered, with costs to abide event.

WEST, Respondent, v. ROCHE, Appellant. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Elizabeth M. West against Theodore M. Roche. No opinion. Order affirmed, with $10 costs and disbursements.

WIDROVITZ, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Hyman Widrovitz against the Metropolitan Street Railway Company. Frank Herwig, for appellant. H. A. Robinson (G. Glenn Worden, of counsel), for respondent.

PER CURIAM. The evidence shows that the plaintiff went deliberately upon the track about 50 feet ahead of a moving car. Some trucks passing along the street prevented his going ahead, but it does not appear that there was anything to prevent his stepping back. This he made no effort to do. It may be that he was justified in going onto the track, but when he found that he could not cross he should have made some effort to retrace his steps. The judgment is right, and should be affirmed. Judgment affirmed.

WIERSBACH, Respondent, v. BLOCH et al., Appellants. (Supreme Court, Appellate Term. June, 1901.) Action by William J. Wiersbach against Delephine Bloch and Sabina Heidelmeiner. Nestor A. Alexander, for appellants. Gantz, Neier & McKennell, for respondent.

PER CURIAM. This is an action for damages for failure to deliver certain pianos under a contract. On September 6, 1900, the defendants agreed in writing to deliver to the plaintiff 250 pianos, at a given price each, at the rate of 5 pianos a week. On October 17th, a new agreement was entered into for the delivery of 250 pianos at certain fixed prices, which agreement, it was stipulated, should cancel the agreement of September 6th. Between the date of the two agreements certain pianos had been ordered, which had not been delivered when the second contract was made. It seems to have been assumed on the trial, and we think that the evidence justifies the assumption, that it was intended by the parties that the second agreement should apply to the pianos already ordered under the first agreement. The agreement of October 17th did not provide for the rate of delivery or terms of payment. It is claimed by the plaintiff that this omission was supplied by a later agreement, which the defendants deny. That question was submitted to the jury, and found in favor of plaintiff's contention. There was sufficient evidence to justify such a find. The complaint alleged the making of the contract of October 17th; that the plaintiff performed all the conditions of the contract on her part; and that at all times before and on November 13, 1900, was ready and willing, and offered, to receive and pay for said pianos, which the defendants refused to deliver. The bill of particulars of plaintiff's claim for damages showed that he claimed to have lost the sale of 28 pianos to several parties. There is no evidence to show that plaintiff, after November 13th, directed defendants to deliver any pianos, or that he sold or had opportunity to sell any pianos. In our opinion the plaintiff, by his complaint and bill of particulars, limited himself to a recovery of the damages he had suffered by reason of the failure of the defendants to deliver the 24 pianos ordered prior to November 13th. The justice refused, although requested by defendants' counsel, to thus limit the plaintiff's recovery. In this we think he erred, and for this error the judgment must be reversed. Certain other questions have been suggested as to the refusal of the justice to charge, which, in view of the conclusion to which we have arrived, need not be passed upon. Judgment reversed, and new trial granted, with costs to abide event.

WILCOX, Respondent, v. RUSH et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 8, 1901.) Action by Seth D. Wilcox against Jacob Rush and Louisa A. Howd. No opinion. Judgment and order reversed, and new trial ordered, with costs to appellants to abide event, upon the ground that the damages are grossly excessive.

WILSON, Respondent, v. ÆOLIAN CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 24,

1901.) Action by Annie E. Wilson, as administratrix, etc., against the Æolian Company and others. No opinion. Motion for leave to appeal to the court of appeals granted.

---

WRIGHT, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by John Wright against the Brooklyn Heights Railroad Company. No opinion. Judgment of the municipal court unanimously affirmed, with costs.

---

WUEST, Appellant, v. BROOKLYN CITIZEN, Respondent. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Wanda Wuest against the Brooklyn Citizen. No opinion. Order affirmed, with $10 costs and disbursements.

---

WYER, Appellant, v. WHITE, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Lulsdorf F. Wyer against Webster White. R. L. Stanton, for appellant. D. R. Horton, for respondent. No opinion. Judgment affirmed, with costs.

---

YAW v. WHITMORE et al. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Action by William Yaw against Valentine F. Whitmore and others. No opinion. Motion to dismiss appeal denied, without costs.

END OF CASES IN VOL. 72.

*