THAL v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. March, 1902.)

STREET RAILWAYS—PERSONAL INJURIES—COLLISION WITH PEDESTRIAN—CON-TRIBUTORY NEGLIGENCE.

Plaintiff was pushing a hand cart between defendant street railway company's track and the sidewalk. On seeing a car approaching, he called to the driver to stop, but made no effort to do so himself, continuing to push his cart toward the car until he collided with it, and was injured. Just previously plaintiff had been pushing his cart on the sidewalk, and could have returned thereto. There was no showing as to the width of the cart or the distance between the sidewalk and the track. *Held* contributory negligence as a matter of law.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Selig Thal against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

G. Glenn Worden, for appellant.
A. S. Jaffer, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff to recover damages for personal injuries sustained by him by reason of a collision between a cart pushed by him and a car of the defendant company. The collision occurred on Delancey street, between Chrystie and Forsyth streets. There were two horse car tracks on that block; the one upon the northerly side of Delancey street being used for west-bound cars, and the other on the southerly side of the street for east-bound cars. According to plaintiff's own version, he was pushing his cart in an easterly direction, between the northerly track and the northerly sidewalk of Delancey street; that he saw a car coming towards him upon the northerly or west-bound track; that it was at that time about three houses away; that he then tried to attract the attention of the driver by raising his hands and shouting; that the driver did not notice his signals, and continued to drive on; and that the plaintiff made no attempt to stop his push cart, or to turn out to the right or left, but continued to push his cart straight ahead until

the collision occurred. So far the testimony of the plaintiff is perfectly clear. As to whether there was room for his push cart between the northerly track and the northerly sidewalk, and as to the width of his push cart, his testimony was contradictory. He would not even swear whether his pushcart was 40 feet, 15 feet, 2 yards, or 2 inches wide. The testimony of Miss Isaacs, whom the plaintiff called as a witness, did not improve plaintiff's case, for she also testified that the plaintiff, after having raised his hand, kept on pushing his cart ahead. No excuse or explanation was given why he did not stop, or attempt to turn out in either direction. Some time before he saw the coming car, he had pushed his cart along on the northerly sidewalk. This shows that he might have returned to the sidewalk in whole or in part in case there was not room enough in the roadbed of the street for his push cart between the car and the northerly sidewalk, and he was of the opinion that he had not sufficient time to cross to the other and proper side of the street. Moreover, he certainly could, in any event, have saved his person from injury, and he made not the slightest attempt to do that. No excuse or explanation having been given or offered for continuing to move on the wrong side of the street towards the approaching danger, which he was aware of, the contributory negligence of the plaintiff clearly appeared upon his own showing, and for that reason his complaint should have been dismissed, notwithstanding the fact that the driver of the defendant was also shown to have been negligent. Widrovitz v. Railway Co., 35 Misc. Rep. 819, 72 N. Y. Supp. 1134. The judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.