SELIG THAL, Respondent, v. THE METROPOLITAN STREET RAILWAY CO., Appellant.

APPEAL by defendant from a judgment rendered in the Municipal Court of the city of New York, fifth district, borough of Manhattan, in favor of the plaintiff for $164.65, after a trial had before a justice.

G. Glenn Worden, for appellant.

A. S. Jaffer, for respondent.

FREEDMAN, P. J.    This action was brought by the plaintiff to recover damages for personal injuries sustained by him by reason of a collision between a cart pushed by him and a car of the defendant company.    The collision occurred on Delancey street, between Chrystie and Forsyth streets.    There were two horse car tracks on that block, the one upon the northerly side of Delancey street being used for westbound cars and the other on the southerly side of the street for eastbound cars.    According to plaintiff's own version he was pushing his cart in an easterly direction, between the northerly track and the northerly sidewalk of Delancey street; that he saw a car coming towards him upon the northerly or westbound track; that it was at that time about three houses away; that he then tried to attract the attention of the driver by raising his hands and shouting; that the driver did not notice his signals, and continued to drive on, and that the plaintiff made no attempt to stop his pushcart, or to turn out to the right or left, but continued to push his cart straight ahead until the collision occurred.    So far the testimony of the plaintiff is perfectly clear.    As to whether there was room for his pushcart between the northerly track and the northerly sidewalk, and as to the width of his pushcart his testimony was contradictory.    He would not even swear whether his pushcart was forty feet, fifteen feet, two yards or two inches wide.    The testimony of Miss Isaacs, whom the plaintiff called as a witness, did not improve plaintiff's case, for she also testified that the plaintiff, after having raised his hand, kept on pushing his cart ahead.    No excuse or explanation was given why he did not stop or attempt to turn out in either direction.    Some time before he saw the coming car he had pushed his cart along on the northerly sidewalk.    This shows that he might have returned to the sidewalk in whole or in part in case there was not room enough in the roadbed of the street for his pushcart between the car and the northerly sidewalk, and he was of the opinion that he had not sufficient time to cross to the other and proper side of the street.    Moreover he certainly could in any event have saved his person from injury, and he made not the slightest attempt to do that.    No excuse or explanation having been given or offered for continuing to move on the wrong side of the street towards the

approaching danger, which he was aware of, the contributory negligence of the plaintiff clearly appeared upon his own showing, and for that reason his complaint should have been dismissed, notwithstanding the fact that the driver of the defendant was also shown to have been negligent. Widrowitz v. Metropolitan St. R. Co., 35 Misc. Rep. 819.

The judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event.

GIEGERICH and GREENBAUM, JJ., concur.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.